IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MORRISON ENTERPRISES, LLC, and CITY OF HASTINGS, Nebraska, | ) ) ) | 4:08CV3142 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER ON MORRISON ENTERPRISES, LLC'S |
| DRAVO CORPORATION, | ) ) | MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| Defendant. | ) ) | |

Now before me is "Morrison Enterprises, LLC's Motion for Leave to File Second Amended Complaint," filing 393. For the following reasons, the plaintiff's motion will be denied.

## I.   BACKGROUND

On July 3, 2008, Plaintiffs Morrison Enterprises, LLC (Morrison) and the City of Hastings, Nebraska (Hastings) filed a seven-count complaint against Defendant Dravo Corporation (Dravo). (Compl., filing 1.) Counts I and II were brought by the plaintiffs jointly, Count III was brought by Morrison alone, and Counts IV-VII were brought by Hastings alone. (See generally id.) Count I is titled "Claim for Recovery of Response Costs Pursuant to 42 U.S.C. § 9607(a)." (See id. at 8.)[1] Count II is titled "Claim for Declaratory Judgment Pursuant to 42 U.S.C. § 9613(g)(2)." (See id. at 11.) Count III is titled "Non-contractual Indemnity." (See id. at 12.) Hastings' separate claims against Dravo, which are set forth in Counts IV-VII of the complaint, are titled "Negligence," "Private Nuisance," "Public Nuisance," and "Trespass," respectively. (See id. at 13-19.)

---

[1] Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) is codified at 42 U.S.C. § 9607(a).

1

Dravo answered the complaint on September 8, 2008, and alleged the following affirmative defense, among others: "Plaintiffs are barred from proceeding pursuant to Section 107(a) of CERCLA as their claims are for contribution." (Answer, filing 12, at 21.) Morrison then filed a motion to strike this affirmative defense, arguing,

> Count I of Morrison's Complaint clearly identifies itself as a cost recovery action arising under 42 U.S.C. § 9607(a) of CERCLA. Inherent in Dravo's affirmative defense . . . is the allegation that Morrison is not entitled to cost recovery relief pursuant to § 107(a) of CERCLA. However, the United States Supreme Court ruled that cost recovery actions are proper and distinct from contribution claims. Thus not only does Dravo's . . . Defense confuse the issues, it is a misstatement of the law.
>
> The Court should strike Dravo's . . . Defense because Dravo's attempt to rename Morrison's claim as a contribution claim serves only to confuse the issues, prejudice Morrison by forcing Morrison to engage in burdensome discovery, and expend time and resources litigating issues irrelevant to the case.

(Filing 18, Attach. 1, at 4-5 (footnote and citation omitted).)[2] I denied Morrison's motion to strike on November 6, 2008, noting that disputed questions of fact merited exploration and that Dravo's defense was not insufficient as a matter of law. (See filing 29 at 8.)

A progression order was entered on December 23, 2008. (See filing 34.) The order states, "Any motion to amend pleadings . . . shall be filed not later than February 13, 2009." (Id. at 2 (emphasis omitted).) On February 13, 2009, the plaintiffs filed a joint motion for leave to amend the complaint. (See filing 40.) This motion was granted, (see filing 55), and on February 24, 2009, the plaintiffs filed an eight-count amended complaint. (See generally filing 53.)

---

[2] I note in passing that Morrison now argues that "the evidence developed in this case is applicable to either a cost recovery action, as originally pled [sic] by Morrison, or a contribution claim pursuant to Section 113(f) of CERCLA." (Morrison's Br., filing 394, at 5. See also id. at 3-5 (arguing that no additional discovery would be required to resolve Morrison's proposed contribution claims, and that the "conduct, transactions, or occurrences pled [sic] in Morrison's originally-filed complaint are identical to those now pled [sic] in its proposed Second Amended Complaint").)

Counts I-III of the amended complaint were brought by the plaintiffs jointly, and Counts IV-VIII were brought by Hastings alone. Like the original complaint, Counts I-VII of the amended complaint are titled "Claim for Recovery of Response Costs Pursuant to 42 U.S.C. § 9607(a)," "Claim for Declaratory Judgment Pursuant to 42 U.S.C. § 9613(g)(2)," "Non-contractual Indemnity," "Negligence," "Private Nuisance," "Public Nuisance," and "Trespass." (Compare filing 1 at 8-19 with filing 53 at 9-22.) Count VIII of the amended complaint is entitled "Breach of Contract." (See filing 53 at 22.)

On July 15, 2009, Dravo filed a motion for partial summary judgment on Morrison's and Hastings' claims related to the Well D System. (See filing 154.) Dravo argued, inter alia, that it was entitled to summary judgment on Morrison's and Hastings' section 107(a) claims–insofar as those claims related to the Well D System–because "'PRPs who have entered into an administrative or judicially approved settlement must seek contribution under [CERCLA section] 113(f),' 42 U.S.C. § 9613(f), rather than section 107(a)." (Mem. & Order on Dravo Corp.'s Mot. for Partial Summ. J. on the Pls.' Claims Related to the Well D System, filing 389, at 8 (quoting Dravo's Br., filing 168, at 8).) On November 24, 2009, I granted Dravo's motion in part. (See generally id.) In so doing, I stated, "In light of the procedural circumstances facing Morrison, Morrison cannot bring a claim to recover response costs associated with the Well D System pursuant to CERCLA § 107." (Id. at 14.) I also stated that, rather than brining a cost recovery action under § 107(a), "Morrison ought to have sought contribution under § 113(f)." (Id. at 13. See also id. at 8-14; Mem. & Order on Pls.' Mot. for Partial Summary Judgment on Liability, filing 391, at 2-8.)

On December 1, 2009, Morrison filed the instant motion for leave to file a second amended complaint. (See filing 393.) Morrison's motion states, "In its November 24, 2009 rulings, this Court held that Morrison's claims against Dravo should be based on Section 113(f) of [CERCLA]," and, "Consistent with this Court's rulings, Morrison now moves the Court for leave to file its Second Amended Complaint to add a contribution claim pursuant to Section 113(f) of CERCLA." (Id. ¶¶ 3-4.)

The pretrial conference is currently scheduled to be held on January 15, 2009, and trial is tentatively scheduled to begin on February 8, 2010. (See filings 365 and 399.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that, when a party seeking to amend a pleading does not do so "as a matter of course" in accordance with Rule 15(a)(1), the party "may amend its pleading only with the opposing party's written consent or the court's leave." The rule also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this standard is "liberal," "parties do not have an absolute right to amend their pleadings." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Id. (quoting Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

If, however, a party moves for leave to amend a pleading after the deadline specified in the court's scheduling order has passed, the party must show cause to modify the schedule before the court may grant leave to amend. Sherman, 532 F.3d at 716 (discussing Popoalii v. Correctional Medical Services, 512 F.3d 488 (8th Cir. 2008)). This rule "is derived directly from the plain language of [Federal Rule of Civil Procedure] 16(b), which states both that district courts must issue a scheduling order limiting the time to amend the pleadings, and that a scheduling order 'may be modified only for good cause.'" Id. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. at 716-17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor," courts "generally . . . will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)); see also Rahn, 464 F.3d at 822; Barstad v. Murray County, 420 F.3d 880, 883 (8th Cir. 2005); Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003).

### III. ANALYSIS

Because Morrison's motion for leave to file a second amended complaint was filed more than nine months after the expiration of the deadline for filing motions to amend pleadings, the motion implicates Federal Rule of Civil Procedure 16(b). See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008). As noted above, Rule 16(b) states that "[a] schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4). The brief filed by Morrison in support of its motion includes no argument that good cause exists for modifying the deadline established by the scheduling order–though I note that Morrison did submit arguments on the "good cause" issue in its reply brief after Dravo raised the issue in its response brief. (See Morrison's Reply Br., filing 402, at 2-8; see also Dravo's Response Br., filing 400, at 4-10.) Morrison's failure to address this issue in its opening brief warrants denial of its motion to amend. Cf. NECivR 7.0.1(a)(1)(A) ("A party's failure to brief an issue raised in a motion may be considered a waiver of that issue."). Nevertheless, because Dravo was prepared to address the issue, (see generally Dravo's Response Br., filing 400), I shall consider Morrison's belated arguments that there is good cause for modifying the scheduling order.

Morrison argues that it "has good cause to seek modification of the Court's Scheduling Order because . . . Morrison, in good faith, asserted its [section 107(a)] cost recovery claims against Dravo under the only legal theories that it felt were supported by the facts then known to it." (Morrison's Reply Br., filing 402, at 2.) It adds, "Amendment to its first Amended Complaint has become necessary because of the Court's November 23, 2009 [sic] summary judgment rulings." (Id.) Morrison submits that it could not amend its complaint before my memoranda and orders of November 24, 2009, were filed because "no law existed . . . to support [the] approach to CERCLA contribution claims" set forth in my memoranda, and it notes that it filed its motion to amend the complaint promptly after those memoranda were filed. (Id. at 7.)

Morrison's argument begins with a review of portions of the November 24, 2009, summary judgment rulings and a restatement of Morrison's legal interpretation of issues that were resolved against it in those rulings. (See Morrison's Reply Br., filing 402, at 2-7.) I note, however, that Morrison's reply brief seems to misstate portions of those rulings. For example, Morrison argues, "This court has determined that "common liability" between Morrison and

5

Dravo rests upon the undisputed fact of Morrison's voluntary assumption of liability to fund a remedy (the coincidentally removes a contaminant from the environment it had no part in releasing[,] e.g., TCE) as opposed to a judicial or administrative determination of its liability for causing the that [sic] specific contamination to exist in the first place." (Morrison's Reply Br., filing 402, at 7 (emphasis omitted). See also id. at 6-7 ("In short, the Court determined that Morrison was required to pursue a CERCLA Section 113(f) claim because it voluntarily entered into various administrative orders (and a judicially approved consent decree) to design and operate the Well-D System which coincidentally happened to intercept groundwater contaminated with hazardous substances resulting from a variety of release events triggered by a variety of persons at unknown or uncertain points in time.").) As noted in Part I above, I did determine in previously-filed memoranda that, under the circumstances of this case, § 107(a) is unavailable to Morrison, and Morrison ought to have sought contribution from Dravo under § 113(f) to recover Well D-related costs associated with TCE remediation. (See Mem. & Order on Dravo Corp.'s Mot. for Partial Summ. J. on the Pls.' Claims Related to the Well D System, filing 389, at 8-14; Mem. & Order on Pls.' Mot. for Partial Summary Judgment on Liability, filing 391, at 2-8.) But I did not determine that "'common liability' between Morrison and Dravo rests upon the undisputed fact of Morrison's voluntary assumption of liability to fund" the Well D System. (Morrison's Reply Br., filing 402, at 7.) On the contrary, I found that Morrison did not incur the Well D response costs "voluntarily" (as that term is used in United States v. Atlantic Research Corp., 551 U.S. 128 (2007)). More specifically, I found that Morrison incurred Well D-related costs pursuant to administrative orders on consent (AOCs) and a consent decree, and that Morrison's liability for the response costs that it sought to recover from Dravo under § 107(a) was clearly established. (See, e.g., Mem. & Order on Dravo Corp.'s Mot. for Partial Summ. J. on the Pls.' Claims Related to the Well D System, filing 389, at 12-13; Mem. & Order on Pls.' Mot. for Partial Summary Judgment on Liability, filing 391, at 3-8.) I also explained why these facts required Morrison to proceed under § 113(f) rather than § 107(a). (See Mem. & Order on Dravo Corp.'s Mot. for Partial Summ. J. on the Pls.' Claims Related to the Well D System, filing 389, at 8-14; Mem. & Order on Pls.' Mot. for Partial Summary Judgment on Liability, filing 391, at 2-8.) The implications of the fact that Morrison and Dravo are presumably responsible for releases

of different contaminants was also addressed in previously-filed memoranda.[3]

In any event, I am not persuaded that Morrison has shown good cause for amending the scheduling order to allow further amendments to the complaint. In order to demonstrate good cause for amending the scheduling order, Morrison must show that, despite its diligence, "the belated amendment could not reasonably have been offered sooner." Transamerica Life Insurance Co. v. Lincoln National Life Insurance Co., 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008). (See also Dravo's Response Br., filing 400, at 8 (citing Transamerica Life Insurance Co., 590 F. Supp. 2d at 1100); Morrison's Reply Br., filing 402, at 2 (citing Transamerica Life Insurance Co., 590 F. Supp. 2d at 1100).) Morrison has not shown that it acted diligently in seeking to amend its complaint to add a § 113(f) contribution claim. As noted above, Morrison argues that it acted diligently because it could not have known that a § 113(f) claim would be viable (and, conversely, that its § 107(a) claim was not viable) until after I entered summary judgment in favor of Dravo on Morrison's § 107(a) claim. But Morrison was first made aware of Dravo's "defense" that Morrison's claim could not proceed under § 107(a), and instead should proceed as a contribution claim, on September 8, 2008, when Dravo filed its answer to the original complaint. (See Answer, filing 12, at 21.) Dravo elaborated upon this argument in a brief filed on October 9, 2008, in opposition to Morrison's motion to strike the relevant defense. (See filing 22 at 6-9.) Furthermore, in a memorandum and order dated November 6, 2008, I concluded that Dravo's defense was not insufficient as a matter of law. (See filing 29 at 8.) Thus, it seems to me that by November 6, 2008, Morrison was aware that it might have a viable claim under § 113(f), and that Dravo would seek to challenge the viability of Morrison's § 107(a) claim. I find that, under the circumstances, Morrison could have reasonably offered an amended complaint that incorporated a contribution claim prior to the February 13, 2009, deadline established in the scheduling order. Furthermore, I find that Morrison's decision to delay moving to add a § 113(f) claim until after summary judgment was entered in Dravo's favor on Morrison's

---

[3]As I understand its position, Morrison maintains–essentially–that liability for releases of specific contaminants, as opposed to liability for response costs associated with the Well D System, ought to be the focus of the inquiry regarding the appropriate statutory vehicle for Morrison's Well D-related claims. I believe this issue is addressed fully in the previously-filed memoranda, and there is no need to repeat that analysis here.

§ 107(a) claim does not demonstrate diligence in attempting to meet the relevant deadline.

Morrison argues that the law lacked clear direction prior to the entry of my memoranda and orders on the parties' motions for summary judgment, and that Morrison attempted to pursue only the "legal theories that it felt were supported by the facts then known to it." (Morrison's Reply Br., filing 402, at 2, 7.) I appreciate the difficulty confronting Morrison–and, indeed, all of the parties–in this litigation. CERCLA has been described as "hastily enacted," "inartful," "perplexing," and ambiguous. See W.R. Grace & Co.-Conn. v. Zotos International, Inc., 559 F.3d 85, 88 (2d Cir. 2009) (citing cases). But it seems to me that the lack of clear legal direction ought to motivate a diligent party to incorporate all potentially viable claims into its complaint as soon as those claims are brought to light. Morrison did not do this, but chose instead to pursue its Well D claims only under the "substantially more generous provisions of § 107(a)," (Mem. & Order on Dravo Corp.'s Mot. for Partial Summ. J. on the Pls.' Claims Related to the Well D System, filing 389, at 11 (citation omitted)), until summary judgment was entered against it on those claims. I am not persuaded that this choice represents a diligent effort to comply with the scheduling order's deadline for filing motions to amend pleadings.

Because Morrison did not act diligently in attempting to meet the scheduling order's requirements, I find that Morrison has not shown good cause for amending the scheduling order. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).

**IT IS THEREFORE ORDERED** that Morrison's Motion for leave to file a second amended complaint, filing 393, is denied.

Dated January 4, 2010.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge