IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MORRISON ENTERPRISES, LLC, and<br>CITY OF HASTINGS, Nebraska, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 4:08CV3142 |
| v. | )<br>) | |
| DRAVO CORPORATION, | )<br>) | MEMORANDUM AND ORDER ON<br>MORRISION ENTERPRISES, LLC'S |
| Defendant. | )<br>) | MOTION FOR RECONSIDERATION |

Now before me is "Morrison Enterprises, LLC's Motion for Reconsideration," filing 396. For the following reasons, the plaintiff's motion will be granted in part.

### I. BACKGROUND

On November 24, 2009, I filed a "Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System," filing 389. This memorandum and order states, in part, as follows.

> There is some disagreement about the contaminants that each party is responsible for at each of the various subsites. Morrison claims that the only contaminants of concern (COCs) for which it is a PRP are carbon tetrachloride (CT) and ethylene dibromide (EDB). (Morrison's Response Br., filing 248, Additional Material Facts ¶ 3; see also Morrison's Response Br., filing 248, at 5 (describing Morrison's release of CT and EDB into the environment).) It adds that trichloroethylene (TCE) "has never been used, released, or otherwise discharged by Morrison anywhere within the HGWCS," and "[t]he FAR-MAR-CO Subsite . . . has never been identified as a source of TCE." (Id. ¶¶ 1-2; see also id. ¶ 31.) There appears to be no dispute that Dravo is responsible for releases of TCE at the Colorado Avenue Subsite. (E.g., id. ¶¶ 12-15.) However,

>	Dravo disputes Morrison's claim that the FAR-MAR-CO Subsite is not a source of TCE. In support of its position, Dravo refers me to evidence indicating that "TCE has been detected in both shallow soil and soil-gas samples collected at the [FAR-MAR-CO] subsite which suggests potential on-subsite releases." (Dravo's Reply Br., filing 269, at 2 ¶ 1 (citing, inter alia, Index, filing 235, Attach. 3, Ex. C at 3).)

(Filing 389 at 2.) It also states, "There appears to be no dispute that [the] Well D System is capturing TCE; the parties disagree about the source or sources of this TCE and which party or parties bear responsibility for it." (Id. at 6 (citations omitted).) In addition, the memorandum and order states that my analysis of a particular component of Dravo's motion for summary judgment would be based on an assumption that "Dravo and Morrison are . . . responsible for releases of completely different wastes," and it notes once again that "there appears to be a dispute whether Morrison is in fact responsible for releases of TCE at the FAR-MAR-CO Subsite." (Id. at 13-14 & n. 4.)

Also on November 24, 2009, I filed a "Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Liability," filing 391. This memorandum and order includes the following sentence and citations:

>	The [Administrative Orders on Consent (AOCs)] state that they were issued under the authority vested in the President of the United States under CERCLA sections 104, 106, 107, and/or 122, as delegated to the Administrator of the EPA. (See Dravo's Index, filing 157, Ex. D at 2; Dravo's Index, filing 161, Ex. J at 2.) See also 42 U.S.C. § 9622(h) (stating that "[t]he head of any department or agency with authority to undertake a response action under this chapter pursuant to the national contingency plan" has settlement authority).

(Filing 391 at 4.)

On December 8, 2009, Morrison filed the instant motion. (See filing 396.) Morrison asks that I reconsider the memoranda and orders of November 24, 2009, "to the extent they purport to allege that Morrison is responsible for any release of trichloroethylene ("TCE") within the Hastings Ground Water Contamination Site," and "to the extent they purport to allege that the 1991 and 1996 AOCs were issued pursuant to Section 122(h) of CERCLA." (See id. ¶¶ 2-3.)

2

## II. STANDARD OF REVIEW

A "district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." K.C.1986 Ltd. Partnership v. Reade Manufacturing, 472 F.3d 1009, 1017 (8th Cir. 2007) (quoting Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1070 (8th Cir. 1995)). Federal Rule of Civil Procedure 54(b) states that, when an action involves multiple claims or parties, any non-final order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

This court's local rule governing motions for reconsideration states, "Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c).

## III. ANALYSIS

The memoranda and orders of November 24, 2009, are interlocutory in nature; that is, those orders are not final judgments. Therefore, I may reconsider and modify those orders through the exercise of the inherent power referred to in K.C.1986 Ltd. Partnership v. Reade Manufacturing, 472 F.3d 1009, 1017 (8th Cir. 2007), and in accordance with Federal Rule of Civil Procedure 54(b) and this court's local rules.

Morrison argues that the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System, filing 389, "should be clarified to ensure that [the court] did not intend to find," as a matter of "uncontroverted fact," that Morrison "used or released TCE" anywhere in Hastings, Nebraska, at any time. (Morrison's Br., filing 397, at 6.) More specifically, Morrison is concerned that the following language, which appears in filing number 389 at page 2, "may be construed as a finding of fact by this Court": "TCE has been detected in both shallow soil and soil-gas samples collected at the [FAR-MAR-CO] subsite which suggests potential on-subsite releases." (Morrison's Br., filing 397, at 6.)

I agree that I did not intend to make a finding that Morrison used or released TCE at the FAR-MAR-CO Subsite. It seems to me, however, that when the language identified by Morrison is read in context, the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System cannot reasonably be read to state such a finding. (See supra Part I.) The language that draws Morrison's concern is, in fact, a quote that was taken from–and was clearly attributed to–one of Dravo's briefs; this quote is accompanied by a second quote that was taken from–and was clearly attributed to–Morrison's response brief; and the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System clearly states that these two quotes frame an issue of disputed fact that was resolved in Morrison's favor for the purposes of Dravo's motion. (See filing 389 at 2, 6, 13-14 & n.4.) In short, I am not persuaded by Morrison's argument that filing 389 ought to be modified or clarified.

Morrison also argues that the Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Liability, filing 391, should be modified "to rectify any suggestion in the Court's Order that, as a matter of undisputed fact, the 1991 and 1996 AOC's were issued by the United States pursuant to 42 U.S.C. § 9622(h)." (Morrison's Br., filing 397, at 4.)

It seems to me that the citation to 42 U.S.C. § 9622(h) appearing on page 4 of filing number 391 could reasonably be interpreted as a finding or conclusion by me that the AOCs were issued pursuant to CERCLA § 122(h). I do not believe that such a finding or conclusion was necessary to resolve the Plaintiffs' Motion for Partial Summary Judgment on Liability (or any of the other summary judgment motions that have been filed in this case), and I did not intent to make such a finding. Moreover, it appears that the question whether the AOCs were issued pursuant to CERCLA § 122(h) may be a significant point of contention between Morrison and Dravo. (Compare Morrison's Br., filing 397, at 3-6 and Morrison's Reply Br., filing 406, at 8-15 with Dravo's Response Br., filing 405, at 5-8.) Under the circumstances, it seems to me that the citation to 42 U.S.C. § 9622(h), and its accompanying parenthetical, should be stricken from page 4 of filing 391. I also offer this point of clarification: No finding has been made, one way or the other, as to whether the 1991 or 1996 AOCs were issued pursuant to CERCLA § 122(h).

In all other respects, Morrison's motion for reconsideration will be denied.

**IT IS THEREFORE ORDERED** that:

1. the citation to 42 U.S.C. § 9622(h), and the parenthetical that accompanies that citation, are stricken from page 4 of the Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Liability, filing 391;

2. the Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Liability, filing 391, does not include a finding on the question of whether the 1991 or 1996 AOCs were issued pursuant to CERCLA § 122(h); and

3. Morrison Enterprises, LLC's Motion for Reconsideration, filing 396, is otherwise denied.

Dated January 6, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge