IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MORRISON ENTERPRISES, LLC, and<br>CITY OF HASTINGS, Nebraska,<br><br>     Plaintiffs,<br><br>  v.<br><br>DRAVO CORPORATION,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 4:08CV3142<br><br><br>MEMORANDUM AND ORDER ON<br>DEFENDANT'S MOTION FOR AN<br>AWARD OF COSTS AND OTHER<br>PENDING MOTIONS |

   On January 20, 2010, Morrison Enterprises, LLC (Morrison), the City of Hastings, Nebraska (Hastings), and Dravo Corporation (Dravo) filed a joint motion "to enter final judgment, resolve the parties' dispute over awarding costs and, in the event that costs are awarded to any party, defer the filing of the bill of costs." (Filing 416.)  This joint motion raises the issue of whether, following the entry of a final judgment, costs should be awarded to Dravo. My analysis of this issue is set forth below.

I. BACKGROUND

   On February 24, 2009, Plaintiffs Morrison and Hastings filed an eight-count amended complaint against Defendant Dravo.  (See generally filing 53.)  Counts I-III of the amended complaint were brought by the plaintiffs jointly, and Counts IV-VIII were brought by Hastings alone.  (See id.)  On March 6, 2009, Dravo filed an answer to the amended complaint that included four counterclaims against the plaintiffs.  (See generally filing 63.)  The parties agree that all of the plaintiffs' claims and the defendant's counterclaims have now been resolved.  (See filing 416, ¶ 3.)  More specifically:

-  In the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the City of Hastings' Claims Related to its Water Supply System, I

- concluded that Dravo was "entitled to summary judgment on Counts IV, V, VI, and VII" of the amended complaint, "and on Counts I and II to the extent they involve a claim for damages involving Hastings' water supply system." (Filing 388 at 16-17; see also filing 416 ¶ 4.)

- In the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System,[1] I concluded that Dravo was entitled to summary judgment on Morrison's and Hastings' "Well D" claims set forth in Counts I and II "insofar as they are based on CERCLA § 107(a)," and I dismissed Count III insofar as it was brought by Morrison. (Filing 389 at 20-21; see also filing 412; filing 416 ¶ 5.)

- In the Memorandum and Order on Plaintiffs' Motions for Summary Judgment on Counts I, II, III, and IV of Dravo Corporation's Counterclaims, I found that Counterclaims I, II, and III were rendered moot by my previously-filed memoranda and orders on Dravo's summary judgment motions. (Filing 390 at 9-10.) I also granted Hastings' motion for summary judgment on Counterclaim IV, and I denied Morrison's motion for summary judgment on Counterclaim IV. (See id. at 11-15; see also filing 416 ¶ 6.)

- In the Memorandum and Order on Plaintiffs' Motion for Partial Summary Judgment on Liability, I stated that, for the reasons stated in the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the City of Hastings' Claims Related to its Water Supply System, filing 388, and in the In the Memorandum and Order on Dravo Corporation's Motion for Partial Summary Judgment on the Plaintiffs' Claims Related to the Well D System, filing 389, Dravo was entitled to summary judgment on the plaintiffs' CERCLA § 107(a) claims, and I denied the plaintiffs' motion for partial summary judgment on the issue of Dravo's liability under CERCLA § 107(a) as moot. (See generally filing 391.) I later amended this memorandum and order to clarify that it does not include a finding on the question of whether certain Administrative Orders on Consent were issued pursuant to CERCLA § 122(h). (See filing 410.)

---

[1] I note in passing that this document was amended to correct a "clerical error" on my part. (See filing 412.)

- In a Stipulation of Dismissal signed by the representatives of Hastings, Morrison, and Dravo, Hastings dismissed Count III and Count VIII of the amended complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (See filing 409.) The Stipulation of Dismissal states that the dismissal is "to be without prejudice with each party to bear its own costs." (Id. at 1.)

- In a Stipulation of Dismissal signed by the representatives of Hastings, Morrison, and Dravo, Dravo dismissed Counterclaim IV against Morrison pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (See filing 411.) According to the terms of the Stipulation of Dismissal, this dismissal too is to be without prejudice. (See id. at 1.)

The parties agree that a "[f]inal [j]udgment may now be entered in accordance with the rulings and stipulations set forth in Filings 388; 389 as clarified by Filing 410 and amended by Filing 412; 390; 391 as amended by 410; 409; and 411." (Filing 416 ¶ 10.)[2] The parties disagree, however, whether costs should be awarded to Dravo following the entry of a final judgment. (See id. ¶¶ 11-14.)

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." "A prevailing party is presumptively entitled to recover all of its costs." 168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2005) (quoting In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005)) (emphasis added). Nevertheless, "Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748,

---

[2] I note parenthetically that, strictly speaking, filing 389 was not "clarified by Filing 410." In the Memorandum and Order on Morrison Enterprises, LLC's Motion for Reconsideration, filing 410, I stated, "I am not persuaded by Morrison's argument that filing 389 ought to be modified or clarified." (Filing 410 at 4. See also id. at 4-5 (explaining that filing 391 would be modified and clarified, but that Morrison's motion for reconsideration was otherwise denied).) It is likely, however, that my analysis in filing 410 provided incidentally the clarification sought by Morrison. (See id. at 4 ("I agree that I did not intend to make a finding that Morrison used or released TCE at the FAR-MAR-CO Subsite.").)

762 (8th Cir. 2006). "To rebut the presumption that the prevailing party is entitled to recover all of its costs, the district court must provide a rationale for denying the prevailing party's claim for costs." Thompson v. Wal-Mart Stores, Inc., 472 F.3d 515, 517 (8th Cir. 2006).

The Eighth Circuit has upheld an award of costs in favor of a defendant that prevailed on summary judgment. See Bathke v. Casey's General Stores, Inc., 64 F.3d 340 (8th Cir. 1995). If, however, a claim is voluntarily dismissed without prejudice, neither party can be said to have "prevailed" within the meaning of Rule 54(d)(1). Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001). It should be noted, however, that the district court retains the inherent authority to award costs incurred defending a claim prior to that claim's voluntary dismissal. Id.

Generally, the non-prevailing parties are jointly and severally liable for an award of costs to a prevailing party. See Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 497 (8th Cir. 2002).

### III.  ANALYSIS

Preliminarily, I must determine whether Dravo is a "prevailing party" within the meaning of Rule 54(d)(1). Morrison argues that Dravo is not a prevailing party "because there has been no determination of legal rights on the merits of the controversy that was pending before [the court]." (Morrison's Br., filing 414, at 4.) More specifically, Morrison asserts that because there has been no "judicially sanctioned change in the legal relationship between Morrison and Dravo respecting legal responsibility for ridding the environment in Hastings, Nebraska, of contaminated groundwater," neither party has prevailed. (Id.) In this same vein, Morrison notes that Dravo obtained summary relief in its favor on procedural grounds, as opposed to a favorable determination on "the merits of the parties' respective claims." (Id. at 5.) Finally, Morrison submits that each party should bear its own costs because the outcome of the parties' claims was "mixed," and "no party has 'won' on the merits." (Id. at 6 (citing Testa v. Villiage of Mundelein, Ill., 89 F.3d 443 (7th Cir. 1996).) Hastings adds that "there is no clear 'prevailing party' in this action" because summary judgment was granted in Hastings' favor on Counterclaim IV, Counterclaims I-III were dismissed as moot, and the parties stipulated to the dismissal of Hastings' claims set forth in Counts III and VIII of the amended complaint "with each party to

4

bear its own costs." (Hastings' Br., filing 419, at 2.)

I find that Dravo is a prevailing party for the purposes of Rule 54(d)(1). Morrison's argument that Dravo is not a prevailing party because this action has resulted in no "judicially sanctioned change in the legal relationship between Morrison and Dravo respecting legal responsibility for ridding the environment in Hastings, Nebraska of contaminated groundwater," (Morrison's Br., filing 414, at 4), is not persuasive. Morrison's claims against Dravo represented an attempt to change this legal relationship, and Dravo successfully defended all of Morrison's claims. Also, as between Morrison and Dravo, the results of the case were not "mixed." Indeed, that parties agree that Dravo obtained summary judgment in its favor on all of Morrison's claims. (See filing 416 ¶¶ 1-10.)

As between Hastings and Dravo, the outcome of the case is somewhat "mixed." Hastings obtained summary judgment on Dravo's Counterclaim IV. (See filing 390 at 11-15.) Furthermore, because Hastings voluntarily dismissed Counts III and VIII against Dravo, Dravo cannot be said to have "prevailed" on those claims. See Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001).[3] Nevertheless, it seems to me that because Dravo successfully defended the bulk of Hastings' claims against it, Dravo is the prevailing party for the purposes of Rule 54(d)(1). See Testa v. Village of Mundelein, Il., 89 F.3d 443, 447 (8th Cir. 1996) ("[T]he 'prevailing party' is the party who prevails as to the substantial part of the litigation.").

Although Dravo is the prevailing party, I find that, under the particular circumstances presented in this case, each party should bear its own costs. The general presumption that Dravo is entitled to recover all of its costs is clearly inapplicable here, as it is undisputed that Dravo itself must bear the costs it incurred in defending Count III (insofar as it was brought by Hastings) and Count VIII of the amended complaint. (See filing 409.) Thus, if Dravo were to be awarded costs, Dravo's costs associated with these claims would have to be segregated from the remainder of Dravo's costs and excluded from Dravo's Bill of Costs form. Dravo has made no

---

[3]As I noted above, the district court retains the inherent authority to award costs incurred by a party in defending a claim prior to the voluntary dismissal of that claim. Sequa Corp. v. Cooper, 245 F.3d 1036, 1037-38 (8th Cir. 2001). Here, however, Dravo has agreed to bear its own costs associated with those claims. (See filing 409.)

argument that its costs can be segregated in this fashion, and it seems to me that doing so would be an exceedingly difficult, if not impossible, task.[4] Therefore, due to the complexity of this case, the intertwined nature of the plaintiffs' claims, and Dravo's obligation to bear costs that are certain to be intertwined with costs that it might otherwise recover, I find that Dravo is not entitled to recover costs.

**IT IS ORDERED** that:

1. the parties' joint motion to enter final judgment, filing 416, is granted, and a judgment will be entered on a separate document;

2. Dravo's motion for an award of costs, filing 416, is denied;

3. Morrison's and Hastings' motion to deny costs to Dravo, filing 416, is granted; and

4. the parties' joint motion to defer the filing of the bill of costs, filing 416, is denied as moot.

Dated January 26, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge

---

[4] For example, Dravo acknowledges that Count III included Hastings' "claim for damages related to Well D sought under" a "non-contractual indemnity" theory. (See Dravo's Br., filing 417, at 3.) As noted above, Dravo is obligated to bear its own costs associated with this claim. Yet Dravo prevailed on Hastings' "claim for Well D damages under CERCLA," (id.), and Morrison's non-contractual indemnity-based Well D claim, along with other CERCLA and common law claims brought by Hastings or Morrison. To recover its costs associated with these claims, Dravo would have to separate the costs associated with defending Hastings' non-contractual indemnity-based Well D claim from Hastings' CERCLA-based Well D claim, Morrison's non-contractual indemnity-based Well D claim, and Hastings' and Morrison's other CERCLA and/or common-law claims.